# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-2310

———————————————

Jose Antonio Molina-Malaga

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: June 25, 2026
Filed: July 10, 2026
[Unpublished]

————————

Before LAVENSKI R. SMITH, ERICKSON, and STRAS, Circuit Judges.

————————

---

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

PER CURIAM.

Mexican citizen Jose Antonio Molina-Malaga petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an immigration judge's decision denying him cancellation of removal.

Upon careful review of the record and the parties' arguments on appeal, we find no basis to grant the petition. See Alonso-Juarez v. Bondi, 169 F.4th 789, 796 (8th Cir. 2026) (substantial evidence standard of review). We agree with the government that Molina-Malaga did not meaningfully challenge the agency's determination that he lacked good moral character. See 8 U.S.C. § 1229b(b)(1) (noncitizen's removal may be cancelled if, inter alia, he has been a person of good moral character during relevant period); cf. Urias-Orellana v. Bondi, 146 S. Ct. 845, 851 (2026) (under substantial evidence review, agency's determination as to whether given set of undisputed facts meets statutory standard is generally conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary). Accordingly, any argument has been waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is waived). Because the failure to challenge the finding is dispositive of Molina-Malaga's cancellation-of-removal claim, we decline to reach the issues he raised on appeal. See Hernandez v. Garland, 28 F.4th 917, 922 (8th Cir. 2022) (under conjunctive language of § 1229b(b)(1), petitioner must satisfy all cancellation-of-removal prerequisites); INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam) (holding that courts generally are not required to make findings on issues the determination of which are unnecessary to the result).

Accordingly, the petition is denied. See 8th Cir. R. 47B.

_____

-2-